Barnard, P. J.
On the 18th of July, 1877, the plaintiff loaned to the defendants §11,000. This action is based upon a fraud upon the part of the ■defendants whereby the loan was contracted.
The jury have found in favor of the plaintiff and upon appeal all questions of fact are to be deemed settled when such questions are fairly debatable. The case then shows that the defendant represented himself to be engaged in a large and prosperous business with his brother, James Lyall; that they were worth §250,000 over and above all Labilities; that they stood very high The defendants gave as collateral security 100 shares of the U S. Corset Co , and the representation in respect to this stock was to the effect that the company had a ■capital of §200,000 all paid in, and was secure and free from debt, and the stock was worth §1.30 in the market and paid twenty per cent, dividend per annum. The loan was made on these representations and upon this collateral, and the defendants failed in September, 1877, within less than two months after the loan was procured, and they had debts of over $250,000, and the proof ■shows that they had been eaten up with interest. The corset company failed. William Lyall was the treasurer of the corset company. Whatever of explanation the defendants had to offer, to account for this result, was given upon the trial, and the verdict covers it. The defendants gave no answer to the representation that the corset company was free from debt at the time of the loan. The treasurer d;d not remember the debts that existed against the company, and its stock was of no value in April following.
If the proof of fraud be credited the case is one of great fiagrancy. The loan was procured by extreme statements of facts which had no existence. General evidence of good character was not admissible. The proof of the facts alleged in the complaint, although they may be said to have a damaging effect upon William Lyall, do not technically impeach him, and the facts must be met by facts. The subsequent history of the property of James Lyall had no place upon the trial. It excuses no fraud in this loan, if fraud was proven, and that was to be determined by the facts which existed at the date ot the loan. The amount of money which the Lyalls had jmt in the business was unimportant. The question was what was their condition at the time of the loan. This would not be proved by the amount of money, in all ways, which they had previously put in the business. The defendants gave evidence tending to show commercial distress as the cause of the failure. It was proper to permit the plaintiff in reply to show that there was no such distress.
The judgment should, therefore, be affirmed, with costs.
Dykman and Pbatt, JJ., concur.